IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ALARM FUNDING ASSOCIATES, LLC, | § § § | |
| **Plaintiff,** | § § | |
| V. | § § | CASE NO. 4:18-cv-01010-O |
| REPUBLIC ALARM GROUP, LLC AND PHOXAY SAYSANAM, RMG HOLDINGS, LLC AND LEE KENNETH BRADY | § § § § § § | |
| **Defendants.** | § | |

## JOINT STATUS REPORT

Pursuant to the Court's Order requiring the submission of a Joint Status Report (Doc. No. 29), Alarm Funding Associates LLC ("Plaintiff") and Republic Alarm Group LLC ("Defendant Republic") and Phoxay Saysanam ("Defendant Saysanam") (collectively referred to as "Defendants") provide the following Joint Status Report. The parties make the following requests:

1. A Brief statement of the claims and defenses:

Plaintiff, AFA, alleges it entered into a series of identical contracts with Defendant Republic in which Plaintiff purchased alarm security monitoring contracts from Republic. AFA contends that Republic failed to either replace lost accounts or otherwise pay AFA for lost accounts as required by the parties' agreements. AFA contends Republic sold AFA fabricated accounts that do not exist and that Republic sold accounts it intended to recapture and resell while keeping the monies AFA advanced for the accounts. AFA

contends Saysanam, a principal of Republic, transferred money to himself in violation of the Fraudulent Transfer Act. AFA further contends that soon to be named party Republic Alarm Services is a successor entity of Defendant Republic. Lastly, AFA contends conspired with Defendants Brady and RMG to defraud Plaintiff. Republic and Saysanam deny all allegations.

2. A proposed time limit to file motions for leave to join other parties: **October 1, 2019.**

3. A proposed time to amend the pleadings: **October 1, 2019**

4. Proposed time limits to file various types of motions, including dispositive motions (NOTE: The dispositive motion deadline cannot be less than 90 days before trial; the Court prefers 120 days): **May 1, 2020**

5. A proposed time limit for initial designation of experts: **January 1, 2020**

6. A proposed time limit for responsive designation of experts: **February 14, 2020**

7. A proposed time limit for objections to experts (i.e., Daubert and similar motions): **April 3, 2020**

8. A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues: **The parties propose conducting fact discovery until March 1, 2020 and conducting expert discovery until April 31, 2020; however, the parties do not wish to limit their ability to conduct fact discovery until the close of discovery.**

9. What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed: **None.**

10. Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI: **The parties agree that electronic document production shall be via TIFF images with a load file and intact metadata.**

11. Any proposals regarding the handling and protection of privileged or trial preparation material that should be reflected in a Court Order: **The parties will submit a proposed joint confidentiality order by separate submission.**

12. A proposed trial date, estimated number of days required for trial and whether a jury has been demanded (NOTE: Generally, the proposed trial date should be approximately one year after the date the initial Complaint was filed): **June, 1, 2020.**

13. A proposed date for further settlement negotiations: **March 1, 2020.**

14. Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made:  **None.**

15. Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge Cureton or U.S. Magistrate Judge Ray (if all parties consent,

please submit the attached consent form): **The parties do not consent to magistrate jurisdiction.**

16. Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when it would be most effective (e.g. before discovery, after limited discovery, after motions are filed, etc.), and, if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case: **The parties wish to mediate the case prior to the completion of fact witness discovery. The parties have tentatively identified Len Wade to mediate the case.**

17. Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial: **None.**

18. Whether a conference with the Court is desired: **None.**

19. Any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under R. 16(b) and (c) and 26(c): **None.**

Approved as to form and substance:


By:   */s/ Brett Dressler*
Brett Dressler
State Bar No. 24007126
Sellers Ayers Dortch & Lyons, PA
301 S. McDowell, Suite 410
Charlotte, NC 28204
bdressler@sellersayers.com
*ATTORNEY FOR PLAINTIFF*

By: /s/ Leslie J. Burgoyne   Leslie J. Burgoyne
State Bar No. 24061196
BAILEY & GALYEN
1300 Summit Ave., Suite 650
Fort Worth, Texas 76102
lburgoyne@galyen.com
*ATTORNEY FOR DEFENDANTS*

## Certificate of Service

I certify that all counsel of records will be served through the ECF System.

s/Brett Dressler.

Case 4:18-cv-01010-O   Document 33   Filed 09/20/19   Page 6 of 6   PageID 214